# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2025

Lyle W. Cayce
Clerk

No. 24-10189

———————————

Jason Sims, *Individually and as representative of* the Estate of
Sharla Sims (*deceased*); Brandren Sims,

*Plaintiffs—Appellants,*

*versus*

Dallas Independent School District,

*Defendant—Appellee.*

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CV-10

———————————————————————

Before Higginson, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Underlying this case is great tragedy—the death of a special education teaching assistant stemming from injuries she suffered in an attack by a student in January 2021. Plaintiffs, survivors of the deceased Sharla Sims, asserted 42 U.S.C. § 1983 claims against Dallas Independent School District. Plaintiffs allege the school district violated Sims' substantive due process

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

rights by affirmatively acting to create or enhance a danger to her physical safety. The district court dismissed plaintiffs' Second Amended Complaint because plaintiffs had not plausibly alleged the school district's liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). The court has carefully reviewed the briefs, record, applicable law, and oral argument. Having done so, the court AFFIRMS the district court's dismissal of plaintiffs' Second Amended Complaint.

Plaintiffs argue that—three months before the fatal incident—the district's Admission, Review, and Dismissal Committee (ARD Committee) declined to move the student out of his classroom placement with Sims, even though he had attacked her and others in September 2020. And they allege the ARD Committee made this decision (1) knowing that the student had punched and kicked teachers, including Sims, before; and (2) following an official school district policy that did not permit the ARD Committee to change the student's placement under these circumstances.

As the district court identified, plaintiffs have failed to plausibly allege defendant's official policy was the moving force behind the alleged constitutional violation. *See Langiano v. City of Fort Worth*, 131 F.4th 285, 294 (5th Cir. 2025) (outlining municipal liability standard). Specifically, plaintiffs failed to allege the official policy was facially unconstitutional or promulgated by the school board with deliberate indifference. *See Edwards v. City of Balch Springs*, 70 F.4th 302, 307–08 (5th Cir. 2023) (explaining moving force element requires that policy itself is unconstitutional or promulgated with "deliberate indifference" to "known or obvious fact that a specific constitutional violation would follow" (internal quotation marks and citation omitted)). Plaintiffs likewise failed to allege the school district knowingly ratified the ARD Committee's allegedly unconstitutional decision—or any other conduct—by readopting the same policy after Sims' death. *See Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (ratification theory of municipal liability

No. 24-10189

applies where "the policymaker approves a subordinate's decision and the basis for it"). On plaintiffs' allegations, Dallas Independent School District could not be liable for any underlying constitutional violation.

AFFIRMED.